IN THE SUPREME COURT OF THE STATE OF DELAWARE

ANTHONY S. WILLIAMS, §
§ No. 326, 2021
    Defendant Below, §
    Appellant, §
§
    v. § Court Below–Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID No. 1804003122 (K)
    Plaintiff Below, §
    Appellee. §

Submitted: December 6, 2021
Decided: February 4, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) Anthony S. Williams filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Williams' opening brief that his appeal is without merit. We agree and affirm.

(2) In 2018, a Superior Court jury found Williams guilty of one count of fourth-degree rape. Following a presentence investigation, the Superior Court sentenced Williams to fifteen years of Level V incarceration, suspended after two years for two years of Level III probation. As part of his sentence, Williams was

required to register as a sex offender under 11 *Del. C.* § 4120.  We affirmed Williams' conviction and sentence on direct appeal.[1]

(3)    In January 2021, Williams was found guilty of violating the terms of his probation.  The Superior Court re-sentenced Williams to thirteen years of Level V incarceration, suspended after ninety days followed by eighteen months of Level III supervision.  We affirmed Williams' VOP conviction and sentence on appeal.[2]

(4)    In May 2021, Williams' probation officer filed a VOP report, alleging that Williams had violated the terms of his probation by failing to report to his probation officer on three separate occasions.  On June 21, 2021, Williams was charged with failure to register as a sex offender.  As a result of the new charge, Williams' probation officer filed an addendum to his initial VOP report, alleging that Williams had also violated the terms of his probation by "commit[ting] a new criminal offense … during the supervision period."  Following a contested VOP hearing on September 16, 2021, the Superior Court found Williams guilty of a VOP and re-sentenced him to twelve years and nine months of Level V incarceration, suspended after six months followed by decreasing levels of supervision.  This appeal followed.

---

[1] *Williams v. State*, 2020 WL 388431 (Del. Jan. 22, 2020).

[2] *Williams v. State*, 2021 WL 1667377 (Del. Apr. 26, 2021).

(5)     Williams essentially raises two issues on appeal.  Williams argues that (i) the evidence presented at the VOP hearing was insufficient to support a finding that he violated the terms of his probation and (ii) he received ineffective assistance of counsel in connection with the VOP proceedings.

(6)     After careful consideration, we find no merit to Williams' appeal.  As a preliminary matter, this Court has consistently held that we will not consider allegations of ineffective assistance of counsel for the first time on direct appeal,[3] and we decline to do so here.

(7)     Turning to Williams' argument that the evidence presented did not support a VOP, this Court has held many times that it is the appellant's obligation to supply those portions of the transcript of the proceedings below that are necessary to give the Court a fair and accurate account of the context in which the alleged errors arose.[4]  Williams did not supply the Court with the VOP hearing transcript. Without it, the Court has no basis to review Williams' claim that the evidence presented did not support a VOP.  However, we note that although Williams claims that he was not told that he had to report to probation on the dates specified in the initial VOP report, William acknowledges that his probation officer testified at the VOP hearing that Williams had failed to report his change of address as required by

[3] *Desmond v. State*, 654 A. 2d 821, 829 (Del. 1994).

[4] *Trioche v. State*, 525 A.2d 151, 154 (Del. 1987).

the sex-offender-registration statute.  Probation is an "act of grace," and the Superior Court has broad discretion in deciding whether to revoke a defendant's probation.[5]  In a VOP hearing, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of his probation.[6]  A preponderance of evidence is "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[7]  Under the circumstances presented here, we conclude that the Superior Court did not abuse its discretion when it revoked Williams' probation.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

[6] *Id.*

[7] *Id.*

4